Teresa VALE, Plaintiff(s)

v.

**K–MART CORPORATION,**
**et al, Defendant(s).**

**Civil No. 00–2180(JAG).**

United States District Court,
D. Puerto Rico.

June 29, 2006.

Olga M. Shepard–De–Mari, San Juan, PR, for Plaintiff.

Adrian Sanchez–Pagan, Sanchez Betances Sifre Munoz Noya & Rivera Law Offices, PSC, Luis Sanchez–Betances, Sanchez Betances & Sifre, P.S.C., San Juan, PR, Isabel Garces–Castro, Landron & Vera LLP, Guaynabo, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On September 15, 2000, plaintiff Teresa Vale filed suit against K–Mart Corporation ("K–Mart") and IHDS Tallahassee ("IHDS") seeking monetary compensation for physical and emotional damages, medical expenses and loss of income. (Docket No. 1).[1] On November 8, 2000, co-defen-

---

**1.** The Court's jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

dant K–Mart moved to dismiss Ms. Vales's claims pursuant to Article 1802, 1868 and 1869 of the Civil Code of Puerto Rico (31 L.P.R.A. §§ 5141, 5298 and 5299) for being time barred due to the one year statutory time limitation. (Docket No. 5 at 8). On November 8, 2000, co-defendant IHDS moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) for IHDS "is an adjuster company and as such does not respond jointly nor severally to plaintiff." (Docket No. 4 at 3). On November 28, 2000, Ms. Vale filed a reply to the motion to dismiss and a reply to the motion for judgment on the pleadings. (Docket No. 6). On January 11, 2001 K–Mart filed an opposition (reply) to plaintiff's reply to motion to dismiss. (Docket No. 10), and on January 12, 2001 IHDS filed an opposition reply to plaintiff's reply to motion for judgement on the pleadings. (Docket No. 11). For the reasons discussed below, the Court **DENIES** K–Mart's motion to dismiss, and **DENIES** IHDS's motion for judgment on the pleadings.

### FACTUAL BACKGROUND

On Tuesday, July 8, 1997, plaintiff Teresa Vale, while on vacation, suffered an accident inside K–Mart Store # 4732 located in Aguadilla, Puerto Rico, allegedly due to the store's negligence. (Docket No. 1 at 23). Ms. Vale was walking inside the store when she slipped on some liquid, later identified as soda spilled by another customer. The incident was reported to store personnel. She was informed that there was no security personnel available at the time, and returned at a later time. Upon her return to the store she met with security personnel and was authorized to visit the emergency room at Hospital San Carlos in Moca, Puerto Rico. It was noted on the physical exam that she suffered trauma to her left knee and was experiencing pain on palpation of the left knee, which had an edema. Teresa Vale returned home to work in New Jersey. After various medical procedures Ms. Vale alleges that she continues to experience pain and discomfort in the affected area.

Shortly thereafter, Mr. Frederic L. Bor mailed a letter, dated July 30, 1997, to K–Mart Store, Aguadilla, Puerto Rico, and a letter to IHDS dated July 30, 1997, notifying them that he was assuming the legal representation of Ms. Vale for the claim arising out of the incidents on July 8, 1997 at the K–Mart store in Aguadilla, Puerto Rico. (Dockets No. 14 and 15). Mr. Diaz, Adjuster, IHDS Tallahassee, replied to Mr. Bor's letter and stated that he will be handling Ms. Vale's claim and to direct all correspondence to him. (Docket No. 14). Afterwards, Mr. Bor sent Mr. Diaz a letter, dated June 15, 1998, which included a narrative of the incident, a demand for medical expenses and a demand for pain and suffering settlement. (Docket No. 14).

Unable to reach a settlement, Plaintiff filed suit against K–Mart in the Superior Court of New Jersey on January 20, 1999. (Docket No. 11). This action was dismissed based on *forum non conveniens*, through Order dated September 27, 1999. (Docket No. 1 at 38). Plaintiff filed suit against K–Mart and IHDS Tallahassee in this Court on September 15, 2000. (Docket No. 1).[2]

### DISCUSSION

I. *K–Mart's Motion to Dismiss*

K–Mart argues that according to the statutory time limitation of the Civil Code of Puerto Rico the complaint filed in the

---

**2.** This case was dismissed without prejudice through Order dated July 31, 2002, (Docket No. 33) due to K–Mart's bankruptcy proceed-ings. The stay was lifted through Order dated April 7, 2006 (Docket No. 54).

Superior Court of New Jersey was time barred. (Docket No. 5). In K–Mart's reply to plaintiff's opposition to motion to dismiss, K–Mart argues that the letters sent by plaintiff's former legal representation, Mr. Bor, were addressed to IHDS Tallahassee, which is an independent adjusting company, and as such, do not have the effect of tolling the prescription period. (Docket No. 10 at 4).

## A. *Motion to Dismiss Standard.*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See *Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See *Correa-Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (citing *Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## B. *Statutory Time Limitation Standard*

Pursuant to Article 1868 of the Civil Code of Puerto Rico "obligations arising from the fault or negligence mentioned in section 5141 of this title, [prescribe in one year] from the time the aggrieved person had knowledge thereof." (31 L.P.R.A. § 5298). "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." (Civil Code of Puerto Rico Article 1873, 31 L.P.R.A. § 5303).

■ Although the Civil Code does not specify the requirements of an extrajudicial claim, the Supreme Court of Puerto Rico has stated that "[t]he tolling requirements are: (a) *opportunity or timeliness*, which requires that the action be filed before the limitation period runs out; (b) *standing*, [which] gives a party the right to file an action; *(c)* identity, [which] means that the action must exactly correspond to the right affected by the statute of limitations; and (d) *fitness of the means employed.*" *Galib Frangie v. El Vocero de Puerto Rico, Inc.*, 1995 WL 905884, 138 D.P.R. 560, 567 (—— P.R.Ofic. Trans. ——, ——) (1995).

## C. *K–Mart's Argument on the Statutory Time Limitation*

This Court must determine if the letter sent from Mr. Bor to Mr. Diaz, Adjuster, IHDS Tallahassee, dated June 15, 1998. (Docket No. 14) met the tolling requirements mentioned above.

### (a) *Opportunity or timeliness:*

The letter was sent via certified mail, on June 15, 1998, and received on June 22, 1998 (Docket No. 14). Since the plaintiff had knowledge of the cause of action on July 8, 1997, the receipt of the letter was before the one year prescription period as required pursuant to Article 1868 of the

Civil Code of Puerto Rico (31 L.P.R.A. § 5298). The Court finds that this first requirement was met.

*(b) Standing:*

The legal elements, in general, to file a claim are present in this letter. It states the damages which are: "out-of-pocket medical expenses[,] ... plus loss time of work[, and] pain and suffering ... for this serious knee problem ... consisting of a permanent injury." It establishes the wrongful or negligent act: a "dangerous situation" at "Kmart Store # 4732" where plaintiff suffered the slip and fall. The causal relation between the negligent act and the damage is established, and the letter requires a particular conduct out of the debtor, which is a demand for monetary reimbursement for her expenses, loss of time at work and for pain and suffering. See De *Leon Crespo v. Caparra Center,* 1999 WL 202674, 147 D.P.R. 797 (P.R.Offic. Trans. at 5). The Court finds that the second requirement was also met.

*(c) Identity:*

K–Mart argues in its reply to plaintiff's opposition to motion to dismiss that the letters presented by the plaintiff as exhibits are addressed to IHDS and not to the debtor or passive subject as required by the Supreme Court of Puerto Rico in *de Leon Crespo,* 1999 WL 202674, 147 D.P.R. at 805 (Docket No. 10 at 3), and that IHDS is an independent adjuster company and "therefore the communications between a claimant and such a third party do not have the effect of tolling the filing period." (Docket No. 10 at 4).

According to plaintiff's letter addressed to K–Mart and dated July 30, 1997 (Docket No. 15), the "store manager told [Ms. Vale] that said IHDS is the claims office

who will process any claim for injury." (Docket No. 15). That is, K–Mart's actions may have created a situation contrary to reality that may have influenced Ms. Vale upon which she based her trust and could have caused her prejudice. Upon review of the file it is noted that plaintiff was diligent in her claim and that through K–Mart's acts plaintiff could have been led to believe that she was dealing with K–Mart's representative.[3]

Pursuant to Fed.R.Civ.P. 12(b)(6) this Court must accept this well-pleaded factual allegation as true, thus the identity requirement was met.

*(d) Fitness:*

The means employed in this extrajudicial claim was certified mail with return receipt requested as demonstrated by the exhibits on file. The means used to notify the claim was adequate.

■ Therefore, this Court concludes that this letter, dated June 15, 1998, has all the elements necessary to meet the requirements for an extrajudicial claim set forth in *de Leon Crespo,* 1999 WL 202674, 147 D.P.R. P.R.Offic. Trans. at 5, and meets the tolling requirements explained in *Galib Frangie,* 1995 WL 905884, 138 D.P.R. Offic. Trans. at 3.

This Court further finds that since the June 15, 1998 letter tolled the statutory time limitation, the complaint filed in the Superior Court of New Jersey, Camden County, on January 20, 1999 (Docket No. 11) was filed before the action was time barred. Said suit was dismissed based on *forum non conveniens,* through Order dated September 27, 1999. (Docket No. 1 at 38). The complaint before this Court was filed on September 15, 2000, that is, less

**3.** See *Int. General Electric Puerto Rico, Inc. v. Concrete Builders of P.R. Inc.,* 104 P.R.Ofic. Trans. 1221, 1231 (1976); *Velilla v. Pueblo Supermarkets, Inc.,* 111 P.R.Ofic. Trans. 732.

than a year from the date of the Order dismissing the case from the Superior Court of New Jersey. Therefore, this Court finds that plaintiff's complaint is not time barred.

## II. *IHDS's Motion for Judgment on the Pleadings*

IHDS moved for judgment on the pleadings based on the alleged fact that IHDS is an independent adjuster company and as such does not respond "jointly nor severally" to plaintiff for the damages in the complaint. (Docket No. 4). The second argument presented by IHDS is that it was not included in the complaint filed in the Superior Court of New Jersey, thus the action is time barred, and that the complaint before this Court does not state an act of negligence incurred by IHDS (Docket No. 11).

### A. *Judgment on the Pleadings Standard*

Co-defendant IHDS moved for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c). Rule 12(c) states, in pertinent part, "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgement and disposed of as provided in Rule 56." Fed. R.Civ.P. 12(c). All parties submitted motions before this Court, including exhibits admitted on file such as letters and documents from the Superior Court of New Jersey, Camden County. Therefore, pursuant to Fed.R.Civ.P. 12(c) this Court will treat IHDS's motion for judgment on the pleadings as a motion for summary judgment.

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); see also *Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." see Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, the party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. See *Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evi-

dence is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgement must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

**B.  IHDS's Arguments**

Co-defendant IHDS argues that it is an independent adjuster company and as such does not respond "jointly nor severally to plaintiff Teresa Vale for the damages alleged in the complaint." (Docket No. 4 at 3). Emphasis is placed on the alleged fact that IHDS is an independent adjuster company and none of the letters were addressed to the passive subject as required by the applicable jurisprudence.

A review of the record shows that the letter attorney Bor sent to Alex Diaz, Adjuster, IHDS Tallahassee, dated July 30, 1997, notified IHDS of the claim "for personal injuries arising out of an accident with *your insured,* the particulars of which are set forth above." (Docket No. 14)(emphasis added). The "particulars" in said letter were "Your Insured: K–Mart." (Docket No. 14). On a different letter with the same date, Mr. Bor informed the K–Mart Store, Aguadilla Mall, Puerto Rico that Ms. Vale was told by the store manager that "IHDS is the claims office that will process any claim for injury." (Docket No. 15). He also requested to be notified if any of this information is incorrect, and if that was the case, the store's actual insurance company and policy number. (Docket No. 15).

The reply dated August 5, 1997, from Mr. Diaz to Mr. Bor, states: "I will be handling this file regarding this *incident at our store* referenced above. Please direct any correspondence to my attention." (Docket No. 14) (emphasis added). Said reply informed the plaintiff that K–Mart was uninsured for these matters and also requested a narrative by Ms. Vale's physician regarding the injuries sustained. (Docket No. 14). Sandra Bass, Liability Supervisor at IHDS, sent a letter to Mr. Bor, dated June 30, 1998, and stated: "I will be glad to assist your client with some of the expenses not paid by her carrier ... I need the actual MRI film sent to me so that I can get a peer review of the diagnosis/treatment/surgery. When I have this information, I will be in a better position to make some offer on this claim." The letter also denied any negligence on the part of K–Mart. (Docket No. 14). This information led the plaintiff to believe that she was dealing with the claims representative of K–Mart.

■ In light of the foregoing, the Court finds that K–Mart and IHDS's internal relationship is a "genuine issue" as to a "material fact" that is unclear with regard to the plaintiff. From the letters on file it does appear that IHDS and K–Mart led the plaintiff to believe that IHDS was acting in representation of K–Mart. Consequently the Court denies IHDS's motion, without prejudice to the parties raising the issue again, once the internal relationship between IHDS and K–Mart is clarified.

**C.  IHDS's Argument on Statutory Time Limit**

In it's reply to plaintiff's opposition to motion to dismiss (Docket No. 11), IHDS argues that it was not included as a defendant on the complaint filed before the Superior Court of New Jersey. (Docket No. 11 at 2). Since IHDS appeared to act as K–Mart's representative and their internal relationship is still a disputed fact, at this moment in the proceedings this Court is unable to determine if the suit against IHDS is barred due to the statutory time limit.

**10**

## CONCLUSION

For the foregoing reasons, the Court **DENIES** K–Mart's motion to dismiss, and **DENIES without prejudice** IHDS's motion for summary judgment.

IT IS SO ORDERED.